UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DON FAIRFIELD,

v.  Case No. 8: 96-cr-365-T-24TBM
    8: 05-cv-1484-T-24TBM

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Don Fairfield's third 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence.  (Doc. cv-1; cr-198).

BACKGROUND

Fairfield filed his first motion to vacate on April 22, 1997, in Case No. 8:97-cv-984-T-17B, and that motion was denied on its merits.  Fairfield appealed the adverse ruling. Although Fairfield filed his prior motion pursuant to 28 U.S.C. § 2241, the Eleventh Circuit Court of Appeals remanded the case with instructions that this Court should have construed Fairfield's petition as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. The Eleventh Circuit directed this Court to construe Defendant's Notice of Appeal as an application for certificate of appealability.  This Court denied the construed application for certificate of appealability, and, subsequently, on February 23, 2000, the Eleventh Circuit also denied a certificate of appealability in Case No. 8:97-cv-984-T-17B.

Meanwhile, on December 27, 1999, Fairfield filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence in the present criminal case. (Doc. cr-125).[1]  The civil case number assigned was 8:99-cv-2922-T-24TBM.  The Court denied the motion to vacate as successive. (Doc. cr-133). Fairfield did not appeal that ruling.

Now, Fairfield has filed the present successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence.

Pursuant to 28 U.S.C. § § 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.  See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Defendant has not fulfilled the requirements of the statutes as set out above.

Furthermore, the present motion to vacate is time-barred. On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective.  That amendment, § 105 of

---

[1] The motion to vacate was untimely as well as successive.

the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. Since Fairfield did not file a petition for writ of certiorari, the judgment became "final" when the possibility of further direct appellate review was exhausted, 90 days from the entry of judgment. The Eleventh Circuit entered judgment affirming Fairfield's conviction and sentence on May 8, 1998.  The judgment became final on August 6, 1998, when the time for seeking certiorari review had expired:[2]  therefore, Fairfield had until August 6, 1999, to timely file a section 2255 motion. See Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir.) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255 until expiration of 90-day period for seeking certiorari), cert. denied, 123 S.Ct. 287 (2002).  Fairfield did not sign the present motion to vacate until August 3, 2005. Therefore, the 28 U.S.C. § 2255

---

[2] In accordance with Supreme Court Rule 13(3), the 90-day period to file a petition for writ of certiorari runs from the date of judgment or rehearing, not from the date of the mandate.  The date of judgment in the Eleventh Circuit was June 18, 2003.

motion to vacate is time-barred.

Fairfield has not presented any exceptional circumstances for tolling the one-year limitations period.

Accordingly, the Court orders:

1. That Defendant's successive 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-198) is denied.

2. That Defendant's motion to proceed in forma pauperis (Doc. cv-2) is denied as moot.

The Clerk is directed to enter judgment against Fairfield in the civil case and to CLOSE THAT CASE.

ORDERED at Tampa, Florida, on August 11, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Anthony E. Porcelli
Don Fairfield